UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NATIONAL RETIREMENT
FUND,

                    Plaintiffs,

             -against-

MICHAEL WILTON, LLC d/b/a RUBIN CLEANERS
and JOHN DOES 1-10 (all other trades or businesses
under common control with MICHAEL WILTON, LLC,
Defendants.

**COMPLAINT**

Plaintiffs, by their attorney, David C. Sapp, Esq., for their Complaint complaining of Defendants Michael Wilton, LLC d/b/a Rubin Cleaners and John Does 1-10 (all other trades or businesses under common control with Michael Wilton, LLC), respectfully allege as follows:

## NATURE OF THE ACTION

1.     This is an action by plan fiduciaries and an employee benefit fund to compel an employer to pay withdrawal liability pursuant to Sections 4201 through 4225 and 4301 of the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("ERISA"), 29 U.S.C. §§ 1381 through 1405 and 1451.

## JURISDICTION

2.     The jurisdiction of this Court is invoked pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), and Sections 502(a), (e), (f) and (g) and 4301(a), (b) and (c) of ERISA, 29 U.S.C. §§ 1132(a), (e), (f) and (g) and 1451(a), (b) and (c).

## VENUE

3. As the Plan is administered within the Southern District of New York, this action is properly brought in this district pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d).

## THE PARTIES

4. Plaintiff National Retirement Fund ("the Fund") was established and maintains a plan (the "Plan") to provide retirement income to employees for whom contributions are made by employers. As such, it is an "employee pension benefit plan," within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2). The Plan is maintained pursuant to one or more collective bargaining agreements between employee organizations and various employers, which require such employers to contribute to the Fund. As such, the Fund is a "multiemployer plan," within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

5. The Fund is administered by a Board of Trustees composed of an equal number of employer and employee representatives, as required by Section 302(c)(5) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 186(c)(5). The Board of Trustees is the "plan sponsor" with respect to the Plan pursuant to Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii). The Fund maintains its offices and the Plan is administered at 333 Westchester Avenue, North Building, White Plains, New York 10604, which is within the Southern District of New York.

6. Plaintiff Trustees of the Fund exercise discretionary authority, control and responsibility with respect to management and administration of the Fund and Plan and

disposition of Fund assets. As such, Plaintiff Trustees are fiduciaries with respect to the Plan, within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

7.      Upon information and belief, Defendant Michael Wilton, LLC d/b/a Rubin Cleaners (hereinafter, "Rubin Cleaners") is an active Indiana limited liability company having or having had its principal places of business at 625 East Jefferson Boulevard, South Bend, Indiana 46617.

8.      Upon information and belief, at all relevant times, Defendant Rubin Cleaners was a party, directly or indirectly, to a collective bargaining agreement with the Chicago & Midwest Regional Joint Board, Workers United, or an affiliate thereof ("the Union"). Upon information and belief, pursuant to said collective bargaining agreement, Defendant Rubin Cleaners was obligated to make contributions and made certain of such contributions to the Fund on behalf of certain of its employees. As such, Defendant Rubin Cleaners is an "employer," within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

9.      Upon information and belief, Defendants John Does 1-10 (all other trades or businesses under common control with Defendant Rubin Cleaners) are "trades or businesses under common control" with Defendant Rubin Cleaners pursuant to Section 4001(b)(1) of ERISA, 29 U.S.C. §1301(b)(1), Section 414 (c) of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder.

## AS AND FOR A FIRST CLAIM FOR WITHDRAWAL LIABILITY AGAINST DEFENDANT RUBIN CLEANERS

10.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "9" of this Complaint as if recited at length herein.

11. Upon information and belief on or about June 30, 2017, Defendant Rubin Cleaners permanently ceased all covered operations under the Plan and/or permanently ceased to have an obligation to contribute to the Fund, thereby completely withdrawing from the Plan within the meaning of Section 4203(a) of ERISA, 29 U.S.C. § 1383(a).

12. As a result of its complete withdrawal from the Plan, Defendant Rubin Cleaners became liable to the Fund for withdrawal liability in the estimated principal amount of $184,762.00, pursuant to Section 4201 of ERISA, 29 U.S.C. §1381.

13. After determining the amount of the withdrawal liability owing to the Fund by Defendant Rubin Cleaners, on or about October 13, 2017, the Fund notified Defendant Rubin Cleaners that its estimated amount of withdrawal liability was $184,762.00 and of the schedule for withdrawal liability payments and demanded payment in accordance with the schedule ("Notice and Demand"), as required by Sections 4202 and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382 and 1399(b)(1). A true copy of the October 13, 2017 Notice and Demand is annexed hereto as Exhibit "A."

14. Pursuant to Section 4219(c) of ERISA, 29 U.S.C. §1399(c), and as provided in the Notice and Demand, Defendant Rubin Cleaners was required to make eighty (80) quarterly withdrawal liability installment payments in the amount of $1,395.83. The first such quarterly payment was due on or before November 1, 2017.

15. Defendant Rubin Cleaners did not request review of the Fund's withdrawal liability assessment pursuant to Section 4219(b)(2) of ERISA, 29 U.S.C. §1399(b)(2).

16. Defendant Rubin Cleaners did not initiate arbitration of the assessment of its withdrawal liability pursuant to Section 4221 of ERISA, 29 U.S.C. § 1401, and the time to seek arbitration under ERISA has expired.

17. By letter dated November 9, 2017 to Defendant Rubin Cleaners, the Fund notified Defendant Rubin Cleaners that it had failed to make the first quarterly withdrawal liability payment when due under the Notice and Demand and that, if such failure was not cured within sixty (60) days, Defendant Rubin Cleaners would be in default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5) ("Notice of Overdue Payment"). A true copy of the November 9, 2017 Notice of Overdue Payment is annexed hereto as Exhibit "B."

18. Upon information and belief, more than sixty (60) days have elapsed since Defendant Rubin Cleaners received the Notice of Overdue Payment referenced in paragraph "17," and Defendant Rubin Cleaners has failed to make any withdrawal liability payments whatsoever.

19. Defendant Rubin Cleaners has not made any quarterly payments in satisfaction of the withdrawal liability.

20. By reason of its failure to make withdrawal liability payments within sixty (60) days of receipt of the Fund's Notice of Overdue Payment referenced in paragraphs "17" and "18," Defendant Rubin Cleaners is in default within the meaning of Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), and Plaintiffs are entitled to immediate payment of the total amount of the balance of withdrawal liability from Defendant Rubin Cleaners as due under the Notice and Demand, plus accrued interest on the total outstanding withdrawal liability from the due date of the first missed quarterly liability payment, pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

21. Plaintiffs are entitled to collect interest on the total amount of outstanding withdrawal liability from Defendant Rubin Cleaners calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

5

22. Plaintiffs are entitled to collect liquidated damages, attorneys' fees and costs from Defendant Rubin Cleaners calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

### AS AND FOR A SECOND CLAIM FOR WITHDRAWAL LIABILITY AGAINST DEFENDANTS JOHN DOES 1 – 10 (ALL OTHER TRADES OR BUSINESSES UNDER COMMON CONTROL WITH DEFENDANT RUBIN CLEANERS)

23. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "22" of this Complaint as if recited at length herein.

24. Upon information and belief, Defendant Rubin Cleaners and Defendants John Does 1-10 are, and at all relevant times were, trades or businesses under common control, within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), Section 414 of the Internal Revenue Code of 1986, as amended, and regulations published at 26 C.F.R. §§ 1.414(c)-1 through 1.414(c)-5, in that the same five or fewer persons owned a controlling interest in and were in effective control of Defendant Rubin Cleaners and Defendants John Does 1-10.

25. Pursuant to Section 4001(b) of ERISA, 29 U.S.C. § 1301(b)(1), as trades or businesses under common control, Defendants Rubin Cleaners and Defendants John Does 1-10 are treated as a single employer for all purposes under Title IV of ERISA, including withdrawal liability. For the foregoing reason, Defendants John Does 1-10 are jointly and severally liable for the total amount of the withdrawal liability, interest, liquidated damages, and attorneys' fees and costs referenced in paragraphs "12," "13," "14," "17," "18," "20," "21," and "22" herein.

26. Plaintiffs are entitled to collect interest on the total amount of outstanding withdrawal liability from Defendants John Does 1-10 calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

27. Plaintiffs are entitled to collect liquidated damages, attorneys' fees and costs from Defendants John Does 1-10 calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

## AS AND FOR A THIRD CLAIM AGAINST ALL DEFENDANTS

28. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "27" of this Complaint as if recited at length herein.

29. Unless Defendants are restrained and enjoined from distributing, alienating, transferring, assigning, encumbering or otherwise disposing of their assets, Defendants will have no assets with which to meet their obligation to the Fund thereby causing the Fund and its pension participants and beneficiaries immediate and irreparable loss, damage, and injury for which the Fund will have no adequate remedy of law.

30. The Fund will be subjected to irreparable hardship and injury in the event that Defendants are not immediately restrained and enjoined and the status quo maintained during the pendency of this action.

**WHEREFORE**, plaintiffs respectfully request that this Court enter an order and judgment:

a. Directing Defendants be held jointly and severally liable to the National Retirement Fund for withdrawal liability in the principal amount of $184,762.00; and

b. Directing Defendants be held jointly and severally liable to the National Retirement Fund for prejudgment interest on the withdrawal liability set forth in paragraph "(a)" herein from the date of the first missed withdrawal liability payment, to be computed pursuant to Sections 502(g)(2)(B), 4219(c)(6) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(B), 1399(c)(6) and 1451(b) and the National Retirement Fund's Plan documents; and

c. Directing Defendants be held jointly and severally liable to the National Retirement Fund for liquidated damages on the withdrawal liability pursuant to Sections 502(g)(2)(C) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(C)(i) and 1451(b) and the National Retirement Fund's Plan documents; and

d. Directing Defendants be held jointly and severally liable to the National Retirement Fund for the reasonable attorneys' fees and costs of this action pursuant to Sections 502(g)(2)(D) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(D) and 1451(b); and

e. Directing Defendants and all of their respective officers, employees, agents, representatives, and all persons acting in concert with them be restrained and enjoined from distributing, alienating, transferring, assigning, encumbering or otherwise disposing of Defendants' assets, regardless of the amounts, if any, or the nature of the consideration received therefore, during the pendency of this action and permanently; and

f. Granting such other and further relief to Plaintiffs as the Court deems appropriate.

Dated: July 2, 2018
White Plains, New York

**TRUSTEES OF THE NATIONAL RETIREMENT FUND, Plaintiffs**

By: _____
David C. Sapp (DS5781)

*Attorney for Plaintiffs*

Alicare, Inc. - Fund Administrators
333 Westchester Avenue,
North Building – First Floor
White Plains, New York 10604
(914) 367-5576 (telephone)
dsapp@amalgamatedlife.com